IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01257-BNB

MAURICE HARRIS,
      Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
GOLDEN, Warden of S.C.F.,
BEVERLY DOWIS, Head of Medical,
REVORD, Major of Kitchen, S.C.F.,
PALACIOS, Captain of Kitchen, S.C.F.,
KELLY, Lt. of Kitchen, S.C.F.,
BRADYHOFF, Lt. of Kitchen, S.C.F., and
NURSE/CAREGIVER K. RITTENHOUSE, S.C.F.,
      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2006

GRE____ ... _. _.. GHAM
CLERK

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Maurice Harris is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Harris initiated this action by filing *pro se* a Prisoner Complaint alleging that Defendants violated his rights under the United States Constitution. On August 2, 2006, Magistrate Judge Boyd N. Boland ordered Mr. Harris to file an amended complaint in which he alleges specific facts to demonstrate how each Defendant personally participated in the alleged constitutional violations. On September 1, 2006, Mr. Harris filed an amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Harris is a prisoner and he is seeking redress from officers or

employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Harris is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Harris asserts three claims in this action alleging that his constitutional rights were violated when he was denied adequate medical treatment after he fell on his knee while working in the prison kitchen on July 18, 2005. Mr. Harris specifically alleges in the amended complaint that Defendant Nurse K. Rittenhouse violated his rights by failing to schedule him for a follow-up appointment when he first received treatment following his injury, by improperly evaluating his injury on July 18, 2005, and by providing improper treatment for his knee injury at several subsequent medical

2

appointments.  Mr. Harris also alleges that Defendants Revord, Palacios, Kelly, and Bradyhoff, all of whom are supervisors assigned to the kitchen, refused to give Mr. Harris time off from work while he was recovering from his knee injury because he did not have any medical restrictions.  Mr. Harris does not make any allegations against Defendants Joe Ortiz, Warden Golden, or Beverly Dowis in the amended complaint.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Harris must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The claims against Defendants Joe Ortiz, Warden Golden, and Beverly Dowis will be dismissed for lack of personal participation because Mr. Harris makes no allegations against any of these Defendants.  The claims against Defendants Revord, Palacios, Kelly, and Bradyhoff also will be dismissed for lack of personal participation.  Although Mr. Harris alleges that Defendants Revord, Palacios, Kelly, and Bradyhoff refused to give him time off from work, he does not assert any claims in the amended complaint regarding his work assignment.  Instead, the three claims he asserts relate to

his medical care.  Mr. Harris does not allege that Defendants Revord, Palacios, Kelly, and Bradyhoff denied him medical treatment or were in any way responsible for the medical treatment he allegedly was denied.  The fact that these Defendants refused to give Mr. Harris time off from work because he did not have any medical restrictions is not related to the issue of whether Mr. Harris received adequate medical treatment.

The Court will not address at this time the merits of Mr. Harris' claims against the sole remaining Defendant, Nurse Rittenhouse.  Instead, this action will be drawn to a district judge and to a magistrate judge.  Accordingly, it is

ORDERED that the claims asserted against Defendants Joe Ortiz, Warden Golden, Beverly Dowis, Revord, Palacios, Kelly, and Bradyhoff are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous.  It is

FURTHER ORDERED that Defendants Joe Ortiz, Warden Golden, Beverly Dowis, Revord, Palacios, Kelly, and Bradyhoff are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _21_ day of ___Sept.___, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01257-BNB

Maurice Harris
Prisoner No. 100914
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _____ *4-22-06*

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk